```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND

                                :
CITIMORTGAGE, INC.
                                :

     v.                         :   Civil Action No. DKC 13-1641

                                :
LEROY HOLMES, et al.
                                :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this priority of liens case is a motion for final judgment filed by Plaintiff CitiMortgage, Inc. (ECF No. 36). The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion for final judgment will be granted.

**I.  Background**

The facts as alleged in the complaint are contained in a prior memorandum opinion. (*See* ECF No. 31). This case involves the question of the priority of liens in real property owned by Defendant Leroy Holmes and Byrdie Blizzard-Holmes, located at 11101 Bennington Drive, Upper Marlboro, Maryland ("Property"). On June 6, 2013, Plaintiff filed a five count complaint in this court against Leroy Holmes, Byrdie Blizzard-Holmes, Kettering Community Association, Inc. ("Kettering"), State Farm Mutual Auto Insurance Company ("State Farm"), and the United States of

America.  The complaint alleges breach of contract (Count IV) and unjust enrichment (Count V) against the Holmeses only.  (ECF No. 1).  The complaint also includes claims for declaratory judgment (Count I), to quiet title (count II); and equitable subrogation (count III).

The complaint and summonses were properly served upon the Holmeses, Kettering, and State Farm, but none responded to the complaint.  Consequently, default was entered against State Farm on September 16, 2013, and the Holmeses and Kettering on January 13, 2014.  (ECF Nos. 13, 27, and 28).  The United States filed a motion for partial summary judgment on Plaintiff's claim under the doctrine of equitable subrogation contained in Count III of the complaint, which the court granted on July 1, 2014.  (*See* ECF Nos. 31 & 32).  The court issued an order determining that: (1) CitiMortgage holds a first priority lien only to the amount of the Ameriquest loan made to Mr. Leroy Holmes and Ms. Byrdie Blizzard-Holmes on December 7, 2002, originally for $159,750.00; and (2) the United States possesses a second priority lien in the amount of $961,820.00 that was filed for that amount on August 21, 2007.  (ECF No. 32).

On July 18, 2014, Plaintiff filed a consent motion requesting that the court clarify the second portion of its order regarding the second-priority lien held by the United States.  (ECF No. 34).  Plaintiff pointed out that Mr. Leroy

Holmes and Ms. Byrdie Blizzard-Holmes own the Property as tenants by the entirety and that the United States obtained a Restitution Order in the amount of $961,820 against Leroy Holmes *only* in connection with a criminal case against him. Thus, the Restitution Order attached only to Mr. Holmes's interest in the Property and as such, the United States only possesses a second-priority interest in the Property as to Mr. Leroy Holmes's interest in the Property. The court agreed and issued an order on July 21, 2014, amending the July 1, 2014 order to "confirm that Defendant United States of America possesses a second-priority lien against the real property commonly known as 11101 Bennington Drive, Upper Marlboro, Maryland 20744, in the amount of $961,820.00 pursuant to a Notice of Lien dated August 21, 2007 and recorded among the Land Records of Prince George's County, Maryland on November 20, 2007 as USA07-113 only as to Leroy Holmes' interest in that property." (ECF No. 35) (emphasis in original).

On November 10, 2014, Plaintiff CitiMortgage moved for final judgment against Defendants United States, Leroy Holmes, Byrdie Blizzard-Holmes, Kettering, and State Farm. (ECF No. 36). In this motion, Plaintiff indicates that it "now seeks a judgment *confirming* the Court's July 21, 2014 Order and entering a final judgment against *all defendants* establishing that Plaintiff holds a first-priority lien in the amount of

3

$159,750.00 on and against the Property, *and that Defendant DOJ's second-priority lien only encumbers the one-half interest in the Property owned by Defendant Mr. Holmes.*" (ECF No. 36, at 2-3) (emphases added).[1]  The respective rights of Plaintiff and the Government were already set forth in the July 1, 2014 order, as amended by the July 21, 2014 order, but will be set forth again in the final judgment.  Plaintiff also seeks a final judgment adjudicating the rights of the remaining parties, namely Kettering, State Farm, and the Holmeses.

**II. Standard of Review**

Plaintiff's motion essentially seeks default judgment against Defendants Leroy Holmes, Byrdie Blizzard-Holmes, Ketering, and State Farm.  Federal Rule of Civil Procedure 55(b)(2) authorizes the entry of default judgment against a properly served defendant who fails to file a timely responsive pleading.  In reviewing a motion for default judgment, the well-pleaded factual allegations in the complaint as to liability are accepted as true.  *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001).  It must still be determined, however, "whether these unchallenged factual allegations constitute a legitimate cause of action."  *Agora Fin., LLC v. Samler*, 725 F.Supp.2d 491, 494 (D.Md. 2010).

---

[1] Plaintiff indicates that the Government consents to the relief requested in the motion.  (ECF No. 36, at 3).

4

Where, as here, a plaintiff seeks declaratory relief rather than monetary damages, default judgment is appropriate if the well-pleaded allegations of the complaint establish the plaintiff's right to such relief. *See, e.g., Nautilus Ins. Co. v. BSA Ltd. P'Ship*, 602 F.Supp.2d 641, 645-46 (D.Md. 2009) (awarding default judgment in declaratory judgment action); *Am. Select Ins. Co. v. Taylor*, 445 F.Supp.2d 681, 684 (N.D.W.Va. 2006) (same).

**III. Analysis**

Plaintiff indicates that "[i]f the Court enters judgment in accordance with the proposed Order submitted with the instant [m]otion on Count I (Declaratory Judgment) and Count II (Quiet Title), Plaintiff is prepared to dismiss without prejudice Counts IV (Breach of Contract) and V (Unjust Enrichment) of the [c]omplaint." (ECF No. 36-1, at 4). The court previously granted partial summary judgment for the Government on the equitable subrogation claim in Count III. Plaintiff essentially seeks the same relief for its claim to quiet title (Count II) as with the declaratory judgment claim (Count I).

In the complaint, Plaintiff seeks declaratory judgment pursuant to Md. Code §§ 3-401 *et seq.* (*See* ECF No. 1, at 6). The Maryland Declaratory Judgment Act, Md. Code Ann., Cts. & Jud. Proc. §§ 3-401, 3-406, states:

5

>   Any person interested *under a deed*, will, trust, land patent, *written contract*, or other writing constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, administrative rule or regulation, contract, or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, administrative rule or regulation, land patent, contract, or franchise and *obtain a declaration of rights, status, or other legal relations under it.*

(emphases added). Both the Maryland Uniform Declaratory Judgments Act and the (Federal) Declaratory Judgment Act require a genuine, justiciable controversy for a declaratory judgment action to proceed. *See Brooks v. Cousins*, 527 F.2d 472, 473 (1975) ("[T]he parties must have adverse interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." (quotation marks omitted)); *120 West Fayette Street, LLP v. Mayor & City Council of Baltimore City*, 413 Md. 309 (2010) (stating that declaratory judgment action requires a justiciable controversy wherein "there are interested parties asserting adverse claims upon a [set] of facts which must have accrued"); *Hosack v. Utopian Wireless Corp.*, Civ. Action No. DKC 11-0420, at *6 (D.Md. May 6, 2011).

In the complaint, Plaintiff asks the court to:

>   A. Adjudicate and determine the rights and liabilities of the parties with respect to: 1) the ownership of the real property and improvements commonly known as 11101

> Bennington Drive, Upper Marlboro, Maryland 20744 *and the liens thereon and the priority of those liens*; and 2) the CitiMortgage Deed of Trust (Exhibit B) dated February 21, 2008.
>
> B. Determine and hold that Defendants, Leroy Holmes and Byrdie Blizzard-Holmes, are the record and actual owners of the real property and improvements commonly known as 11101 Bennington Drive, Upper Marlboro, Maryland 20744 subject to the first-priority lien on and against that property pursuant to the terms and conditions contained in the CitiMortgage Deed of Trust dated February 21, 2008 (Exhibit 5).

(ECF No. 1, at 6-7) (emphasis added). Declaratory judgment is appropriate here, as the judgment "will serve a useful purpose in clarifying and settling the legal relations in issue." *Penn-Amencan Ins. Co. v. Coffey*, 368 F.3d 409, 412 (4th Cir. 2004); *GMAC Mortg., LLC v. Harris*, Civ. Action No. RDB-10-3542, 2013 WL 639041, at *4 (D.Md. Feb. 20, 2013) ("In this case, the [p]laintiff seeks to resolve an uncertainty surrounding its legal rights by having this Court declare that the Citibank deed of trust is subordinate to the GMAC Mortgage deed of trust. . . . [T]he Court is authorized to entertain a declaratory judgment action involving the [p]laintiff's deed of trust.").

The court previously determined that CitiMortgage holds a first priority lien in the amount of $159,750, and that the United States possesses a second priority lien for $961,820 only as to Leroy Holmes's interest in the property. (ECF Nos. 32 &

35).  Plaintiff has attached the Ameriquest Deed of Trust, dated December 27, 2002, in the amount of $159,750 (ECF No. 1-3) and the Deed of Trust, dated February 21, 2008, creating a lien in the amount of $204,015 (ECF No. 1-6).  These Deeds of Trust reflect that Leroy Holmes and Byrdie Blizzard-Holmes are the record owners of the Property as tenants by the entirety.  Plaintiff has also included Statements of Lien reflecting liens held by Defendant Kettering.  Specifically, Defendant Kettering recorded the following liens on the Property: (1) a Statement of Lien recorded on February 4, 2009, in the amount of $744.75 on the Property (ECF No. 1-8); (2) a Statement of Lien recorded on August 3, 2011, in the amount of $1,227 (ECF No. 1-9); and (3) a Statement of Lien recorded on November 27, 2012 in the amount of $4,844.50 (ECF No. 1-10).  As for Defendant State Farm, Plaintiff provided a docket from Case Number NL 1294-006 in the Circuit Court for Prince George's County, which shows that on June 12, 2008, a Judgment and Notice of Lien Judgment ("Judgment Lien") was entered against Leroy Holmes and Byrdie Mae Buzzard Holmes and in favor of State Farm in the amount of $4,600.  (*See* ECF No. 1-7).  According to the docket from that case, on September 14, 2010, State Farm filed a Notice of Satisfaction as to Leroy Holmes only.  (*Id.* at 3).  The liens held by Defendants Kettering and State Farm were recorded after the CitiMortgage Deed of Trust, dated February 21, 2008, in the amount of

8

$204,015, and are inferior to the lien held by CitiMortgage created by the Deed of Trust dated February 21, 2008.

Accordingly, for the reasons explained in the July 1, 2014 memorandum opinion and those set forth above: CitiMortgage holds a first priority lien only to the amount of the Ameriquest loan made to the Holmeses in December 2002 for $159,750; the United States possesses a second priority lien in the amount of $961,820 as to Leroy Holmes's interest in the property only; the CitiMortgage Deed of Trust, dated February 21, 2008, creates a lien in the amount of $204,015, which is superior to the liens held by Defendants Kettering and State Farm.

**IV. Conclusion**

For the foregoing reasons, the motion for final judgment will be granted. A separate order will follow.

                                            /s/
                              DEBORAH K. CHASANOW
                              United States District Judge